**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Lee Byers,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Maricopa County Correctional Health Services, et al.,<br><br>　　　　Defendants. | No. CV-18-04243-PHX-ROS (JFM)<br><br>**ORDER** |

On January 14, 2020, Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending Plaintiff's request to amend his complaint be granted. (Doc. 61). Defendants objected, claiming it would be prejudicial to allow the amendment. (Doc. 64). Because Plaintiff is seeking to change the core factual basis of his claim, the Court will require Plaintiff to file a document explaining his proposed changes.

## BACKGROUND

Plaintiff filed his original complaint in November 2018. (Doc. 1). Plaintiff alleged, in relevant part, "on 9/17/18 Towers Jail refused my wheelchair which is medical issue for transport to hospital . . . I was forced to walk without [a] wheelchair." (Doc. 1 at 3). Plaintiff further alleged he "was denied [a] wheelchair" and that he "should [have] never been denied [a] wheelchair." (Doc. 1 at 3). In signing that complaint, Plaintiff declared "under penalty of perjury that" his allegations were "true and correct." (Doc. 1 at 6). The Court dismissed that complaint for failure to state a claim. (Doc. 5). Plaintiff then filed an amended complaint. (Doc. 7).

According to Plaintiff's amended complaint, "on 9/17/18 [numerous jail officers] refused [Plaintiff's] medical wheelchair." Those officers "forc[ed] [Plaintiff] to walk while injured." (Doc. 7 at 4). More particularly, numerous officers denied Plaintiff his "medical issued wheelchair while [Plaintiff was] bleeding of the pelvic [sic]." (Doc. 7 at 4). Those allegations were also submitted under penalty of perjury. (Doc. 7 at 7). Like the first complaint, the second complaint was dismissed for failure to state a claim. (Doc. 8).

Plaintiff then filed a Second Amended Complaint. (Doc. 13). That complaint alleged that "on 9/17/2019[1] . . . Plaintiff was examined for severe pelvic pain after a medical emergency was called." Medical staff informed numerous officers that Plaintiff "needed to go to hospital & could not walk and needed a wheelchair." (Doc. 13 at 5). Those officers claimed no wheelchair was available and they "forced [Plaintiff] to walk in full restraints & shackles." (Doc. 13 at 5). Plaintiff told the officers "he could not walk without hurting severely" but the officers merely "started taunting & laughing." (Doc. 13 at 5). The officers "lifted Plaintiff [by his] underarms from sitting position to stand[ing] & force[d] [Plaintiff] to walk or be dragged" to the transportation area. Again, these allegations were submitted under penalty of perjury. (Doc. 13 at 5). The Court concluded these allegations stated a claim. The officers that had been involved in denying Plaintiff a wheelchair and forcing him to walk were directed to answer the complaint.

After some of the officers answered the complaint, the Magistrate Judge issued a scheduling order that imposed, among other deadlines, January 2, 2020, as the deadline for amending the complaint and January 31, 2020, as the deadline for discovery requests. (Doc. 32 at 4). In October 2019, Plaintiff requested leave to amend his complaint. (Doc. 35).

In his motion to amend, Plaintiff explained that his amended complaint would "clarify the underlying issue and constitutional deprivation" regarding the wheelchair incident. (Doc. 35 at 1). Accompanying the motion to amend was a proposed Third Amended Complaint. In that proposed complaint, Plaintiff alleged the familiar set of facts

---

[1] Because the Second Amended Complaint was filed in March 2019, the reference to September 2019 must have been an error.

- 2 -

that "on Sept. 17, 2018 . . . [Plaintiff] need to be transported to a hospital due to pelvic bleeding." Numerous officers "refused to find a wheelchair . . . and disregarded [Plaintiff's] medical order requiring a wheelchair." (Doc. 36 at 4). Those officers then "forced [Plaintiff] to walk in full restraints and shackles" while ignoring Plaintiff's "cries of pain." When Plaintiff was unable to continue walking because of the pain, the officers "grabbed [Plaintiff's] arms" and "forc[ed]" him to continue walking.

After reviewing the motion to amend and the proposed Third Amended Complaint, the Magistrate Judge ordered Plaintiff to comply with Local Rule 15.1(a) regarding submission of a "redlined" copy of his proposed amended complaint. (Doc. 41). Plaintiff subsequently submitted a new motion to amend along with an entirely new proposed Third Amended Complaint. That proposed complaint alleges a very different version of events from Plaintiff's previous complaints.

According to the proposed Third Amended Complaint, "on or about 10/17/2018" Plaintiff "needed to be transported to the hospital." While Plaintiff "was awaiting transport to the hospital," he overheard medical staff inform numerous officers that Plaintiff "should be assisted using a wheelchair." The officers "delayed locating a wheelchair" but "then when they located one [they] forced [Plaintiff] in it, then aggressively pulled [Plaintiff] by [his] arms causing [him] unbearable pain." (Doc. 55 at 4). Like his previous complaints, the proposed Third Amended Complaint was also submitted under penalty of perjury.

In sum, Plaintiff submitted four complaints, three of which were formally filed, alleging that on September 17, 2018, numerous officers refused to provide him with a wheelchair and forced him to walk to the transportation area despite Plaintiff being in extreme pain. All of those complaints were submitted under penalty of perjury. Plaintiff's latest proposed complaint, however, changes Plaintiff's allegations such that he is now alleging that on October 17, 2018, numerous officers found a wheelchair, "forced" Plaintiff to use it, and abused Plaintiff while he was in the wheelchair.

After reviewing Plaintiff's proposed Third Amended Complaint, the Magistrate Judge issued an R&R concluding that Plaintiff's recent allegations were "antithetical to the

original allegations" but "that does not mean Plaintiff necessarily has engaged in intentional misrepresentations." Setting aside the conflict with Plaintiff's prior allegations, the Magistrate Judge concluded the allegations in the proposed Third Amended Complaint regarding the abuse of Plaintiff while he was in a wheelchair were sufficient to state a claim. Therefore, the Magistrate Judge recommended the claim be allowed to proceed.

On January 14, 2020, Defendants objected to the R&R. Defendants contend they would be prejudiced if Plaintiff is allowed to amend his complaint at this late date. According to Defendants, they have "already invested time and expense into disclosure and discovery" based on Plaintiff's earlier allegations. Given those expenditures, it would be unduly prejudicial to allow Plaintiff "to file a completely new, different complaint." Defendants also claim it would be unfair to require they "guess[] which allegations Plaintiff intends to make at trial." (Doc. 61 at 6).

## **ANALYSIS**

For purposes of resolving the motion to amend the central question is whether Plaintiff must be allowed to amend his complaint to allege facts that contradict factual allegations in prior complaints. As noted by another district court, there is "intra-circuit confusion" on the correct answer to this question. *Jackson v. Loews Hotels, Inc.*, No. EDCV18827DMGJCX, 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019). In 1990, the Ninth Circuit noted that in the context of granting a motion to dismiss, "leave to amend should be liberally granted [but] the amended complaint may only allege other facts consistent with the challenged pleading." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990). In 2007, however, the Ninth Circuit ruled "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007). Panel members in an unpublished decision from 2015 attempted to explain these two decisions.

In *Shirley v. University of Idaho, College of Law*, the panel addressed a situation where a district court had denied a motion to amend a complaint because the court had

concluded the proposed amended complaint "contained allegations that were irreconcilably contradictory to allegations made in [earlier complaints]." 800 F.3d 1193, 1194 (9th Cir. 2015). The panel reversed after concluding the allegations in the proposed amended complaint "were not so patently inconsistent with [the] previous allegations as to warrant" denial of the motion to amend. *Id.* Judge Kozinski concurred to explain his view that "[i]nconsistency—even direct contradiction—between a current complaint and an earlier one is not a basis for dismissal." *Id.* (Kozinski, J., concurring). According to Judge Kozinski, the *Reddy* decision addressed only "When may a district court grant a motion to dismiss without leave to amend on futility grounds?" *Id.* In that context, the district court may deny leave to amend "only if it can conceive of no amendment *consistent with the prior pleadings* that would render the complaint sufficient." *Id.* In the context of a motion to amend, however, "inconsistency with prior complaints doesn't matter." *Id.*

Judge Canby wrote a separate concurrence where he concluded the rule set out in *PAE Gov't Services* was "irreconcilable with *Reddy* and its rationale." *Shirley v. Univ. of Idaho, Coll. of Law*, 800 F.3d 1193, 1195 (9th Cir. 2015) (unpublished) (Canby, J., concurring). According to Judge Canby, en banc proceedings would, at some point, be necessary "to address the inconsistency in our precedent." *Id.*

Given the uncertainty regarding current Ninth Circuit law, it is not clear if the Court must grant Plaintiff leave to amend his complaint to assert factual allegations that are diametrically opposed to the factual allegations in his many previous pleadings. But if the Court were to conclude Plaintiff's motion to amend should be granted, that would raise the additional question of how Plaintiff's earlier factual allegations could have been consistent with Federal Rule of Civil Procedure 11.

Before attempting to resolve the correct application of existing Ninth Circuit law, the Court will first attempt to ensure that Plaintiff does, in fact, wish to change the factual basis of his claim. Therefore, Plaintiff will be required to file an explanation for his proposed changes to his core factual allegations.[2] That explanation must state if Plaintiff

---

[2] Given the similarities regarding the underlying events, the Court assumes the reference in Plaintiff's proposed amended complaint to October 17, 2018, instead of September 17,

wishes to pursue allegations that he was denied a wheelchair or allegations that he was provided a wheelchair and abused while in the wheelchair. If Plaintiff wishes to pursue the allegations that he was provided a wheelchair, he must explain why, on four separate occasions, Plaintiff alleged he was denied a wheelchair. Defendants will be required to file a response within seven days of Plaintiff's statement.

Accordingly,

**IT IS ORDERED** no later than **March 13, 2020**, Plaintiff shall file a document explaining which version of events he wishes to proceed under. If Plaintiff wishes to proceed on his allegations that he was provided a wheelchair, he must explain his four previous complaints alleging a contradictory version of events.

**IT IS FURTHER ORDERED** Defendants shall file a response to Plaintiff's statement within seven days of the date the statement is filed on the docket.

Dated this 2nd day of March, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge

---

2018, used in the previous complaints, was a typographical error. Plaintiff should clarify the correct date.